BAILES, Judge
(dissenting):
I respectfully dissent from the majority holding in this case. The effect of this holding is to recognize a lien on the property of another when none is provided by law. The question before us here is, what is the legal effect of a state trooper having a wreckerman remove a wrecked truck from the highway right of way (not the paved or main traveled part of the highway) insofar as such action creates a lien and privilege in favor of the wreckerman against the wrecked truck. Another question which concerns us is whether the retention of the truck by the wreckerman is a conversion of the truck.
LSA-R.S. 32:142 provides, in part:
“§ 142. Officers authorized to remove illegally stopped vehicles
“A. Whenever any police officer finds a vehicle standing upon a highway in violation of any of the provisions of R.S. 32:141, he is hereby authorized to move such vehicle, or require the driver or other person in charge of the vehicle to move it to a position off the paved or main traveled part of the highway. (Emphasis added)
* * *»
The above quoted statute is certainly no authority for the state trooper to call a wreckerman, such as defendant, to remove plaintiff’s property from the highway right of way and/or from the scene of the accident to the wreckerman’s place of business. However, the majority holding does not stop there. The majority holds that through custom, regardless of the above statutory provision expressly limiting the state trooper’s duty and authority of removing the truck to a position off the paved, or main traveled part of the highway, where it was already, the state trooper has the authority to deposit the plaintiff’s property with the wreckerman and thereby create a lien and privilege in his favor against plaintiff’s property, and further, that,tlie wreckerman had the authority to hold said property until all charges are paid.
While the majority recognizes the fact that there was no legal authority for the action of the state trooper, it holds that the trooper did have apparent authority, and that through the exercise of this apparent authority, the trooper could make a legal deposit of plaintiff’s property with the defendant wreckerman, that although acting with apparent authority only, the trooper could by the exercise thereof create a lien on plaintiff’s property in favor of the defendant. I say that consideration of apparent authority has no place in adjudging plaintiff’s claim until we come to the point of assessment of damages. The fact that defendant received plaintiff’s property from one who had apparent authority should be considered in mitigation of damages only, and not for the purpose of determining whether a lawful deposit had been made of plaintiff’s property.
It has long been the law of this state that statutes creating liens and privileges must be strictly construed, and that the courts can neither add to nor detract from the laws creating them, and further that the law cannot be liberally construed in favor of the lien claimant. The liens must be strictly construed against the lienor. Cases are legion which hold to these principles.
Rehearing denied.
BAILES, J., dissents from the denial of the Court to grant a rehearing.